GRADY vs NEWMAN.

Opinion delivered September 19, 1896.

1. *Appeal—Jurisdiction.*

On the 22nd of February 1895, the United States Court in the Indian Territory rendered a decree in favor of plaintiff. On that date the defendant excepted and prayed an appeal to the United States Circuit Court of Appeals. The clerk attached his certificate to the record on the 1st day of May 1895. In the meantime, on March 1st, 1895 Congress passed an act conferring appellate jurisdiction in cases appealed from the United States Court in the Indian Territory to the United States Court of

Appeals in the Indian Territory. The transcript was filed in the clerks office in the Court of Appeals May 6, 1895. February 8, 1896, Congress passed an act conferring upon the United States Court of Appeals for the eight circuit, jurisdiction of all cases pending therein, upon writ of error or appeal from the United States Court in the Indian Territory. *Held*, That the act of March 1, 1895 rendered the prayer for, and the granting appeal to the Circuit Court of Appeals of the eighth circuit void and of no effect. That the transcript was properly filed in the Court of Appeals for the Indian Territory and this court has jurisdiction of such appeals.

*2. Service of Summons—Waiver.*

If appellee appears and files motion to dismiss the appeal upon the ground that the court has no jurisdiction, he waives the failure to serve him with a summons.

Appeal from the United States Court for the Central District.

C. B. STUART, Judge.

Suit by Charles Newman against John M. Grady. Decree for plaintiff. Defendant appeals. Appellee filed motion to dismiss. Denied.

*R. Sarrls,* for appellant.

*Edward Calkins, G. B. Denison, N. B. Maxey,* for appellee.

SPRINGER, C. J. The decree in this case was rendered by the United States Court at South McAlester, February 22, 1895. On that day the defendant in the court below, the appellant in this court, excepted "and prayed an appeal to the United States Circuit Court of Appeals for the eighth circuit, and the same was granted." Record, p. 51. The clerk of the court below attached his certificate to the record

on the 1st day of May, 1895. In the meantime, on March 1, 1895, congress passed an act conferring the appellate jurisdiction in cases appealed from the United States Court in the Indian Territory upon this Court of Appeals. Some doubt arose in the Circuit Court of Appeals for the Eighth circuit as to its jurisdiction in cases from the Indian Territory theretofore appealed to that court. Congress, in order to remove the doubt, passed another act to extend the jurisdiction of the Circuit Court of Appeals for the Eighth circuit "over certain suits now pending therein on appeal and writ of error from the United States Court in the Indian Territory." That act was approved February 8, 1896, and is as follows: "That the jurisdiction of the United States Circuit Court of Appeals for the Eighth judicial circuit be, and is hereby extended to all suits at law or equity now pending therein upon writ of error to or appeal from the United States Court in the Indian Territory in all cases wherein such writ of error or appeal would have vested jurisdiction in said Circuit Court of Appeals but for the act of congress approved March first, eighteen hundred and ninety-five, entitled 'An act to provide for the appointment of additional judges of the United States Court in the Indian Territory, and for other purposes.'" At the time of the passage of the foregoing act, February 8th, 1896, the case at bar was not "pending" in the Circuit Court of Appeals for the Eighth circuit. In fact, the record in the case had never been forwarded to that court, and hence under no view of the case can it be claimed that that court ever obtained jurisdiction of it. The only question to be determined is whether the appellant has complied with the law in bringing his appeal to this court. The record shows that it was "filed in the clerk's office of Court of Appeals in the Indian Territory May 6, 1895." On January 7, 1896, the appellee appeared, and filed his motion to dismiss the case (the appeal) on the ground that the decree in the court below was rendered be-

Jurisdiction

fore the passage of the act of congress creating this court, and that the appeal prayed for and granted was to the Circuit Court of Appeals for the Eighth circuit, and that the record does not show that there was ever an appeal granted to this court, or any writ of error issued from this court. Counsel for appellee insist that a prayer for and granting of appeal to one court cannot be construed to be a prayer for and granting of the appeal to another court; that the party desiring to appeal should have applied to the clerk of this court for the allowance of his appeal, and summons should have been issued and served and the transcript filed within 90 days thereafter; that none of these things were done, and this court has never obtained jurisdiction of this case. The prayer for and the granting of an appeal to the Circuit Court of Appeals for the Eighth circuit on February 22, 1895, was rendered void and of no effect by the passage of the act of March 1, 1895, giving the appellate jurisdiction from the United States Court in the Indian Territory to this court. The transcript was not made out and certified to by the clerk until May 1, 1895. Hence the Circuit Court of Appeals never obtained jurisdiction of the case. An appeal is a matter of right. Either party may appeal to this court by filing a transcript of the record with the clerk of the court within the time prescribed by the statute. It is the clerk's duty to issue the proper process, and the duty of the marshal to serve it. It does not appear from the record before us that summons was issued in this case. But the only object of the summons is to bring the appellee into court. If he should appear and plead, he will be presumed to have been served with process, or to have waived it. He has appeared unconditionally, and filed a motion to dismiss the appeal, not on the ground of a failure of service of summons, but upon the ground that this court has not jurisdiction of the appeal. This objection is untenable, and the motion to dismiss is overruled. This disposition of the motion to dismiss leaves

Service of summons— Waiver.

the appellee in court. The case is therefore properly before this court, the parties are present, and this court must hear and determine the case on its merits.

KILGORE and LEWIS, JJ., concur.